IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KIMBERLY CLANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-CV-247 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claims for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. For the reasons set forth herein, defendant's motion for summary judgment [doc. 14] will be granted, and plaintiff's motion for summary judgment [doc. 10] will be denied. The final decision of the Commissioner will be affirmed.

I.

*Background*

Plaintiff was born in 1980 and has a tenth grade education. [Tr. 21, 62]. She reports no prior employment, other than some informal babysitting in the home. [Tr. 22, 66].

Plaintiff filed the present application in February 2006, with an alleged onset date of January 1, 2003. [Tr. 62]. The alleged onset date was subsequently amended to

February 28, 2006. [Tr. 21]. Plaintiff initially claimed to be disabled by collapsed lungs, "heart attack," chest pain, and "panic attacks." [Tr. 91]. The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on October 9, 2007.

On November 3, 2007, the ALJ issued a decision denying benefits. Therein, it was concluded that plaintiff suffers a history of lung collapses, which was deemed a severe impairment but not equal any impairment listed by the Commissioner. [Tr. 11, 13]. The ALJ further concluded that plaintiff retains the residual functional capacity ("RFC") for work at all exertion levels, limited by the inability to perform "complex and skilled work and jobs which would expose her to respiratory irritants." [Tr. 11, 13]. Citing vocational expert testimony, the ALJ determined that plaintiff remains able to perform a significant number of jobs existing in the regional and national economies. [Tr. 12]. Plaintiff was accordingly ruled ineligible for benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on July 7, 2008, despite plaintiff's submission of additional medical records. [Tr. 1].[1] The ALJ's ruling therefore became the Commissioner's final decision. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

---

[1] Plaintiff's additional documents [Tr. 372-89] are not discussed in her amended brief and are thus not an issue on appeal. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

2

II.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id*.

III.

*Analysis*

Plaintiff argues that the ALJ erred by not finding that she suffers from a severe mental impairment. In the alternative, plaintiff contends that her RFC should have been further restricted to take into account the limiting effects of her alleged depression and anxiety. Lastly, plaintiff argues that the ALJ erred by not crediting her "allegations of pain."

The court first observes that plaintiff does not challenge the ALJ's conclusions pertaining to her history of lung collapses. Plaintiff's last documented hospitalization for a collapsed lung was in March 2006, at which time she underwent a thoracostomy. [Tr. 35, 266].[2] Plaintiff continues to smoke even though her medical providers have "[s]trongly emphasize[d] smoking cessation." [Tr. 262, 324]. Nonetheless, September 2006 and July 2007 chest x-rays were "normal." [Tr. 319, 351]. Because plaintiff has raised no specific issues on appeal relating to her prior lung collapses, any such issue is waived. *See Hollon*, 447 F.3d at 491.

Instead, at their core, the issues brought on appeal hinge upon the credibility of plaintiff's subjective complaints. In addressing that point, the ALJ stated, "The claimant's allegations of disabling pain and other symptoms are not credible and are not supported by the documentary evidence." [Tr. 13]. On the record before this court, the ALJ's conclusion survives substantial evidence review, and plaintiff's allegations of error accordingly fail.

---

[2] A thoracostomy is a "surgical creation of an opening in the wall of the chest for the purpose of drainage." *Dorland's Illustrated Medical Dictionary* 1834 (29th ed. 2000).

As noted by the ALJ [Tr. 12], plaintiff claims to be disabled in part by a history of one or more heart attacks. She has made that claim both to the Commissioner [Tr. 91] and to at least one treating source [Tr. 252]. However, the medical record supplied by plaintiff contains no documentation that a heart attack was ever suffered. Had such an extraordinary event actually occurred in the life of a woman as young as plaintiff, it is reasonable to assume that ample documentation would be readily available from her medical providers. In addition, May 2004 troponin levels were not indicative of myocardial injury [Tr. 238], plaintiff denied cardiac complaints to examining psychologist Steven Lawhon [Tr. 273], and plaintiff was told by a medical provider in June 2004 that there was "no evidence of heart disease." [Tr. 197]. Nonexamining physician Anita Johnson confirmed, "Alleged heart attack, but there is no medical evidence . . . in file." [Tr. 298]. It was thus beyond reasonable for the ALJ to cite plaintiff's claimed heart attack as evidence that her subjective complaints are overstated.

Even more striking is Dr. Lawhon's psychological evaluation report. Plaintiff told Dr. Lawhon that the primary cause of her alleged disability is, "My eyes" - specifically, a "genetic eye disease" for which she had purportedly undergone two surgeries, in 2004 and 2006, at Holston Valley Hospital. [Tr. 273]. Nowhere else in the administrative record or in her briefing to this court does plaintiff endeavor to cite any evidence of any limitation related to her vision. Moreover, the administrative record contains plaintiff's 2004 and 2006 files from Holston Valley Hospital. Therein, the court finds no documentation of any

6

surgeries (or other treatment) for "genetic eye disease." Again, had such events actually occurred, it is reasonable to presume that documentation would have been readily available - especially since plaintiff was able to obtain the records of her lung treatments from that very same hospital. In addition, a Holston Valley Hospital emergency room physician has described plaintiff's eyes as "normal." [Tr. 323]. The administrative record documents, at best, that plaintiff wears glasses or contact lenses. [Tr. 265]. This discrepancy pertaining to plaintiff's vision utterly decimates the credibility of her subjective complaints.

As also noted by the ALJ [Tr. 12], plaintiff's failure to stop smoking further diminishes her credibility. Plaintiff testified that she is disabled primarily, "Due to my lungs. It's hard to breathe doing certain activities, being around certain things." [Tr. 22]. She claims "constant" chest pain [Tr. 25] and contends that she can only perform minimal housework before having to "sit down, take a break, catch my breath back, let the pain ease off, [and then] continue." [Tr. 27-28]. Plaintiff has told the Commissioner, "When I get short of breath or chest pain I can't do anything." [Tr. 73]. Plaintiff's continued smoking is completely inconsistent with the severe degree of respiratory limitation alleged. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) ("The claimant's style of life is not consistent with that of a person who suffers from [the limitations alleged].")

> The Social Security Act did not repeal the principle of individual responsibility. Each of us faces myriads of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive [her]self to an early grave, that is [her] privilege – but if [she] is not truly disabled, [she] has no right to require those who pay social security taxes to help underwrite the cost of [her] ride.

*Id.*

Turning to plaintiff's mental health arguments on appeal, it is noted that she carries diagnoses of anxiety and depression [Tr. 195], but no treating source has predicted that those conditions are severe enough to cause any workplace limitations. Nonetheless, the ALJ restricted plaintiff to no "complex and skilled work." Clinical psychologist Lawhon performed his consultative examination in April 2006, describing plaintiff as appearing mildly to moderately anxious and depressed. [Tr. 274]. She was considered to be "depressed due to her health[,] *especially her vision*." [Tr. 276] (emphasis added). Intellectual functioning was estimated to be in the borderline to low average range. [Tr. 274]. Although plaintiff sought emergency room treatment in December 2006 for a "panic attack" [Tr. 313], Dr. Lawhon did not find sufficient evidence of a panic disorder. [Tr. 276]. Following interview and mental status examination, Dr. Lawhon opined that plaintiff would be no more than mildly limited in any vocational/psychological capacity. [Tr. 275].

As the only mental health opinion evidence of record, Dr. Lawhon's report provides substantial evidence supporting the ALJ's conclusion that plaintiff has no severe mental impairment and no vocational limitation secondary to anxiety or depression. In fact, Dr. Lawhon's opinions may even be overly restrictive since they are based in part on depression pertaining to plaintiff's dubious "genetic eye disease" surgeries. Further, to the extent that plaintiff seeks to rely on the "moderate" Global Assessment of Functioning ("GAF") score assigned by Dr. Lawhon, the court notes that the score would have been in

8

part based on plaintiff's unreliable self-reporting and is thus of minimal value. *See generally DeBoard v. Comm'r of Soc. Sec.*, No. 05-6854, 2006 WL 3690637, at *3-4 (6th Cir. Dec. 15, 2006). Also, the Commissioner has clarified that "[t]he GAF scale . . . is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings." *See* Revised Med. Criteria for Evaluating Mental Disorders & Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764 -65 (Aug. 21, 2000).

As for plaintiff's contention that "[t]he ALJ's RFC determination is further flawed by his failure to properly consider [her] allegations of pain," the court finds no error. While the administrative record contains credible documentation of chest pain complaints when plaintiff experiences a lung collapse [Tr. 249], there has been no hospitalization for that condition since shortly after the alleged disability onset date.

Otherwise, the administrative record documents only episodic subjective complaints, and no medical provider has predicted any vocational limitations secondary to pain. Plaintiff complained to Dr. Lawhon of "occasional back pain." [Tr. 273]. She has occasionally sought emergency room treatment for abdominal pain [Tr. 309, 323], chest pain [Tr. 315], headaches [Tr. 305, 333, 347], toothache [Tr. 317], and pain secondary to coughing [Tr. 318] or moving her clothes dryer [Tr. 345]. It is again not unreasonable for an adjudicator to view these complaints with suspicion in light of plaintiff's overall unreliable reporting.

9

For these reasons, substantial evidence supports the ALJ's conclusion that "the claimant does not have a medically determinable impairment or combination of impairments which would be expected to result in severe and disabling pain." [Tr. 12]. Plaintiff's dubious complaints will not carry the day absent objective support. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986). In the present case, such support is lacking. The final decision of the Commissioner will be affirmed, and an order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge